IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS MANUEL GARCIA,<br><br>Defendant. | 2:20-CR-015-Z-BR (1) |

### MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Sentence Reduction ("Motion") (ECF No. 2026) filed by Defendant Jesus Manuel Garcia ("Garcia"). For the reasons stated below, Garcia's Motion is **DENIED**.

**BACKGROUND**

On November 10, 2020, the Court accepted Garcia's guilty plea to one count of Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1) & (b)(1)(C) and 18 U.S.C. Section 2 ("Count One"), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Aiding and Abetting, in violation of 18 U.S.C. Sections 924(c) and 2 ("Count Two"). ECF No. 912. As a result, on May 18, 2021, the Court sentenced Garcia to 240 months of imprisonment on Count One, to run consecutively to his 60-month sentence on Count 2, for a total of 300 months. ECF No. 1609. On May 5, 2025, Garcia filed this Motion, seeking release based on his rehabilitation efforts and his "disproportionate sentence." ECF No. 2026.

**LEGAL STANDARD**

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed, except in limited circumstances. *United States v. Hoffman,* 70 F.4th 805, 811

(5th Cir. 2023); *see also* 18 U.S.C. Section 3582(c). A defendant moving for compassionate release must satisfy three criteria: (1) either "extraordinary and compelling reasons" warrant a reduction, or he is at least 70 years of age, has served at least 30 years in prison, and meets certain additional requirements;[1] (2) show that compassionate release is consistent with applicable U.S. Sentencing Commission policy statements; and (3) convince the Court to exercise its discretion to grant the motion after considering the Section 3553(a) factors. *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *United States v. Keys*, 846 F. App'x 275, 276 (5th Cir.), *cert. denied*, 142 S. Ct. 299 (2021).

LEGAL ANALYSIS

**A. Garcia Shows No "Extraordinary and Compelling Reasons" for Release.**

Although Section 3582(c)(1)(A) provides that the Court may reduce a prison sentence for extraordinary and compelling reasons, the statute itself provides no definition of situations considered to be "extraordinary and compelling." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). In an effort to define "extraordinary and compelling," the U.S. Sentencing Commission promulgated Sentencing Guideline Section 1B1.13, which was amended in 2023 to include a list of six extraordinary and compelling reasons that may justify compassionate release. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200-210 (Am. 814).

Garcia seeks compassionate release because he has fully committed to rehabilitation programs while imprisoned. ECF No. 2026 at 8. However, rehabilitation alone is not an extraordinary and compelling reason for release under the sentencing guidelines. Rehabilitation may be considered only in combination with other circumstances in

---

[1] This factor does not apply to Garcia.

determining whether, and to what extent, a reduction in the movant's term of imprisonment is warranted. *See* USSG Section 1B1.13(d).

Garcia also seeks release based on his claim that he is serving a "disproportionate sentence." ECF No. 2026 at 8. However, he provides no facts to support this conclusory assertion such that the Court may evaluate its merits. Accordingly, he has not established extraordinary and compelling reasons for release.

### B. The Section 3553 Factors Weigh Against Release.

The Court also must consider the applicable Section 3553(a) factors to determine whether compassionate release is appropriate. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Mindful of these factors, the Court has carefully considered the record pertaining to (1) Garcia's sentence relative to the nature and seriousness of his offense; (2) his personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes by Garcia; (6) the need to provide rehabilitative services; (7) the applicable guideline sentence; and (8) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. *See* 18 U.S.C. Section 3553(a). These factors are evaluated under the overarching principle that a sentence must be "sufficient, but not greater than necessary" to achieve sentencing goals, such as promoting respect for law and discouraging recidivism. *Id.* After considering the facts and circumstances pertaining to these factors, the Court cannot justify compassionate release. "Compassionate release is discretionary, not mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

A review of the record shows that these factors militate against compassionate release. Garcia's Factual Resume shows that he admitted to knowingly possessing both

3

methamphetamine with the intent to distribute it, as well as numerous firearms. ECF No. 835. The Presentence Report ("PSR") ultimately found that Garcia was accountable for more than 65,570 kilograms of converted drug weight, and his total offense level, even after reductions for acceptance of responsibility, was 39. *Id.* at 21. In view of the serious nature and circumstances of his offense of conviction as recounted in the PSR, the Court cannot conclude that releasing Garcia from prison after he has served only a fraction of his sentence would afford adequate deterrence or protect the public. Granting compassionate release, in the Court's view, would not provide a just punishment for his offense.

After reviewing the entirety of the record, the Court determines that releasing Garcia at this time would minimize the impact of his crime and the seriousness of his offense, as well as fall far short of providing a just punishment and an adequate deterrence to criminal conduct. Therefore, the Court finds that the Section 3553(a) factors weigh against a sentence reduction. This is an independent justification for denying the Motion.

For the foregoing reasons, the Motion is **DENIED**.

**SO ORDERED**.

September 23, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4